UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MATTHEW EDWARD ALEXANDER** | * | **CIVIL ACTION NO. 16-0867** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **VERIZON WIRELESS SERVICES LLC** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by defendant Verizon Wireless Services LLC. For reasons explained below, it is recommended that the motion be **GRANTED**.

## Background

On June 22, 2016, *pro se* Plaintiff Matthew Edward Alexander ("Alexander") filed the instant complaint against Defendant Verizon Wireless Services LLC ("Verizon") alleging violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq*. Alexander claims that Verizon unlawfully divulged his cell phone records to Ouachita Parish Detective Gary Gilley ("Detective Gilley"), and is requesting $5,000,000 in damages.

The underlying facts are as follows: on August 7, 2014, an alleged arson took place at Ray and Christina Nixon's home in West Monroe, Louisiana, at 6:30 A.M. [doc. #1, p. 2]. The Nixons extinguished the fire, and then called for police assistance around 8:45 A.M. *Id.* at 3. Detective Gilley arrived at the Nixon's home around 9:45 A.M. *Id.* The Nixons accused Plaintiff of being responsible for the fire. *Id.* Detective Gilley learned that Plaintiff was a former employee for, and had brought suit against, the Nixons.[1] *Id.* at 4. Mr. Nixon provided Alexander's vehicle

---

[1] Plaintiff's complaint does not state what cause of action he previously brought against the Nixons.

make, model, and license plate number, as well as his cell phone number, to Detective Gilley. *Id.* Using this information, Detective Gilley contacted Verizon's Law Enforcement Resource Team at 3:00 P.M. and spoke with representative Andrea Cole ("Ms. Cole"). *Id.* at 5. Ms. Cole and Detective Gilley spoke on the phone, and then Ms. Cole provided Detective Gilley with an Emergency Situation Disclosure form. Detective Gilley filled out that form, and faxed it back to Ms. Cole, certifying that an emergency existed. *Id.* Verizon submitted all the requested cell phone information, including subscriber and location information, incoming and outgoing calls, and SMS details from August 4, 2014, to August 7, 2014. *Id.* at 7. Based in part on the cell phone records, Alexander was subsequently arrested on August 12, 2014.[2] On April 30, 2015, a state trial judge granted Alexander's motion to suppress the cell phone records obtained by Detective Gilley, finding that there were no exigent circumstances justifying the request and transmission of Plaintiff's cell phone records without a warrant. *Id.* at 9.

Verizon filed the instant motion to dismiss on August 11, 2016. [doc. # 7]. On September 2, 2016, Alexander filed his opposition to the motion [doc. # 10], and on September 7, 2016, Verizon filed its reply. [doc. # 14]. Thus, the matter is ripe.

**I.      Rule 12(b)(6) Standard**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint

---

[2] Alexander was charged with aggravated arson and two counts of attempted second degree murder. *See* LR3.1 Collateral Proceedings and Re-filed Cases; Compl., Exh. These charges remain pending against Alexander in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. *Id.*

must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal*, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 555-56. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153-54 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Fla. Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555)). The complaint need not

even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert*, 295 Fed. Appx. 713.[3]

Furthermore, dismissal under Rule 12(b)(6) based on a successful affirmative defense is appropriate as long as the defense appears on the face of the complaint. *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006).

## II. Analysis

The Stored Communications Act ("SCA"), 18 U.S.C. § 2701, *et seq*. regulates disclosure of stored electronic communications by service providers. It provides that a public electronic communication service "shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service . . . to any governmental entity." 18 U.S.C. § 2702(a)(3). An aggrieved plaintiff may bring a civil suit for violations of the SCA made "with a knowing or intentional state of mind". *Id.* § 2707(a).

The SCA lists a myriad of exceptions to the general prohibition against divulging customer records. At issue in this case is the "emergency exception," which provides that a public electronic communication service

> . . . may divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by subsection (a)(1) or (a)(2))--
>
> > **(4)** to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of information relating to the emergency[.]

*Id.* § 2702(c)(4). The SCA also provides immunity to public electronic communication services

---

[3] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

4

under certain circumstances. It states,

> **(e) No cause of action against a provider disclosing information under this chapter.** –No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter.

*Id.* § 2703(e). Additionally, the SCA has a catch-all provision, which states that a provider's good faith reliance on "a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization" "is a complete defense to any civil or criminal action brought under this chapter or any other law." *Id.* § 2707(e)(1). "A provider who discloses records or other information pursuant to the authorization contained in 18 U.S.C. § 2702(c)(4) in emergency circumstances has the same protection from lawsuits as a provider who discloses the records pursuant to a court order." *Jayne v. Sprint PCS*, No. CIV S-07-2522 LKK GGH P, 2009 WL 426117, *7 (E.D. Cal. Feb. 20, 2009) (citing *In re Application of U.S. for a Nunc Pro Tunc Order for Disclosure of Telecommunications Records*, 352 F.Supp.2d 45, 47 (D. Mass. 2005)).

The SCA is fairly straightforward: Verizon is entitled to immunity as long as it relied, in good faith, on Detective Gilley's certification that an emergency existed requiring immediate disclosure of Plaintiff's records. The parties do not dispute that Detective Gilley certified, in writing, that an emergency existed and faxed the proper paperwork to Verizon before Plaintiff's records were released. The only issue in this case is that Detective Gilley and Verizon's representative, Ms. Andrea Cole, had a brief phone conversation *before* Detective Gilley certified, in writing, that an emergency existed. Alexander claims that it was during this phone conversation that Ms. Cole was informed that no emergency actually existed; yet, in bad faith, she faxed the proper paperwork to Detective Gilley anyway, who then certified that an

5

emergency existed. Thus, Alexander argues that Verizon is not entitled to immunity for "good faith reliance" on Detective Gilley's certification.

Alexander's argument that no emergency existed (and that Ms. Cole actually knew that) is premised on testimony given by Detective Gilley at a suppression hearing in state court regarding the phone records. On April 30, 2015, Judge Larry Jefferson granted Plaintiff's motion to suppress the cell phone records, finding that there were no exigent circumstances justifying Detective Gilley's request. [doc. #1, p. 9].[4] According to Plaintiff's Complaint, at this hearing, Detective Gilley testified that he contacted Verizon's Law Enforcement Resource Team to get Alexander's records, and spoke with Ms. Cole. Detective Gilley testified that he told Ms. Cole that he "needed to know not where ('the suspect/Plaintiff') is right now, but where he had been that day." *Id.* at 5. He further testified that he sought Plaintiff's cell phone data to discover the location of Plaintiff's phone in the hours preceding the fire. *Id.* Ms. Cole allegedly responded that what Detective Gilley described over the phone "met her guidelines" and that she would fax him the requisite paperwork to send in. *Id.* at 6. Alexander alleges that this brief phone conversation between Ms. Cole and Detective Gilley effectively put Verizon on notice that no *ongoing* emergency existed at 3:00 P.M. on August 7, 2014, to justify disclosure of his private cell phone records. *Id.* at 11.

The Fifth Circuit has not defined "good faith reliance" under § 2707. The Seventh and Tenth Circuits analyze the defense under an objective standard. *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006) ("Nothing . . . gives any indication of irregularity sufficient to put eBay on notice that the subpoena was 'phony.'"); *Davis v. Gracey*, 111 F.3d 1472, 1484 (10th Cir.

---

[4] Ruling on Motion to Suppress, *State of Louisiana v. Matthew Edward Alexander*, No. 14F2312-2 (La. 4th Jud. Dist. Ct. 2015).

1997) ("To be in good faith [under section 2707(e)], . . . reliance must have been objectively reasonable."). The Ninth Circuit has adopted a test with both subjective and objective components:

> the good faith defense . . . is met when the defendant complies with a subpoena (or other process detailed in § 2707(e) of the SCA) that appears valid on its face, in the absence of any indication of irregularity sufficient to put the defendant on notice that the subpoena may be invalid or contrary to applicable law. A defendant may *not* benefit from the good faith defense, however, if the defendant *actually knew* that the subpoena (or other process) was invalid under the applicable law.

*Sams v. Yahoo! Inc.,* 713 F.3d 1175, 1180-81 (9th Cir. 2013).

It is unnecessary to speculate which standard should apply in this circuit because analysis under both a subjective and objective definition of "good faith reliance" compels the conclusion that Verizon is entitled to immunity.[5]

First, Alexander fails to plead facts sufficient to plausibly infer that Verizon's representative, Ms. Cole, actually knew there was no emergency (or that the request was invalid) when Verizon released Plaintiff's cell phone data. Judge Jefferson's after-the-fact determination that no emergency existed ***from Detective Gilley'*s *standpoint***[6] does not mandate a finding that Ms. Cole acted in bad faith.[7] As Judge Jefferson noted in his ruling, it is unclear exactly how

---

[5] *See McCready*, 453 F.3d at 892 (holding that without any indication that eBay acted in any fashion other than good faith, its compliance fell squarely within the statutory good-faith defense).

[6] In his ruling, Judge Jefferson stated: "An examination of the facts presented at the hearing **from the standpoint of Ouachita Parish Sheriff's office** deeming the situation to be an emergency involving danger of death or serious physical injury to any person contravenes the conclusion that this was emergency or exigent circumstance justifying the failure to seek a warrant." Ruling on Motion to Suppress, *supra* note 4, at 4 (emphasis added).

[7] *See Sams*, 713 F.3d at 1181 (finding that even if the subpoenas submitted to Yahoo! were ultimately invalid, Yahoo! was still immune because the subpoenas "bore all of the indicia of lawful authority.").

Verizon determines whether or not an "emergency" exists in a particular circumstance.[8] However, in light of the fact that Ms. Cole is not a trained police officer or crime investigator, the Court finds that she could have reasonably concluded that an emergency existed based on Detective Gilley's statements. It has been sensibly held that "attempted murder or arson[] create an inherent exigency while in progress". *U.S. v. MacDonald*, 916 F.2d 766, 775 (2d Cir. 1990). From Ms. Cole's perspective, a police officer's statements inferring that there was an arsonist at-large (who attempted to kill two people) could lead her to reasonably conclude that an emergency involving danger of death or serious injury existed.[9] Alexander fails to provide any evidence that Ms. Cole acted in bad faith, and there is simply no plausible reason for her to have acted in bad faith. At best, Plaintiff can argue that Ms. Cole made a bad judgment call, which is more akin to a negligence argument.[10] The Fifth Circuit has held in other contexts that bad faith requires a

---

[8] For example, it is unclear if Verizon categorizes only certain crimes as "emergencies," or if Verizon relies exclusively on an officer's say-so. Alexander alleges that Ms. Cole told Detective Gilley that the case "met her guidelines." [doc. #1, p. 6]. Thus, we will assume, for purposes of this motion, that Ms. Cole did conduct some form of independent analysis finding that an emergency circumstance justified faxing Detective Gilley the requisite paperwork.

[9] *See Registe v. State*, 734 S.E. 2d 19 (Ga. 2012) (finding good faith reliance where the cell phone service provider received information directly from police that its records could help identify an at-large suspect of a double homicide committed the day before and that the suspect presented a present and immediate danger); *Jayne*, 2009 WL 426117 (finding sufficient proof of an emergency situation communicated by police officers to Sprint, justifying disclosure and entitling Sprint to immunity).

[10] The Sixth Circuit, in *Long v. Insight Communications of Central Ohio LLC*, discussed how a service provider's mistake in responding to a records request should not negate the good faith defense under § 2707(e):
> Given that § 2707(e) omits the language "in accordance with the [request's] terms," the intent of the statute was to provide a defense where a provider responds . . . with a good faith belief that it was acting pursuant to that [request] although a mistake was made in so responding. To find otherwise would render the omission of the language meaningless. To conclude that a mistake could negate the good faith defense would discourage cooperation with law enforcement in providing information sought by [a

showing of more than bad judgment or negligence; "indeed, bad faith implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Tarver v. Colonial Life & Acc. Ins. Co.*, 294 Fed.App'x. 873, 876 (5th Cir. 2008) (internal citations omitted). Additionally, regardless of what was said during the brief phone conversation between Ms. Cole and Detective Gilley, Verizon did not in fact release Plaintiff's records until *after* Detective Gilley signed an Emergency Situation Form, certifying that an emergency existed. [doc. # 7, p. 2; Exh. 1].[11] Alexander provides no evidence that Verizon even relied on the subjective determinations that Ms. Cole *may* have made after speaking with Detective Gilley. Thus, Alexander has failed to provide any subjective evidence that Verizon, or Ms. Cole, acted in bad faith.

Second, it was objectively reasonable for Verizon to produce Alexander's records in response to Detective Gilley's certification that an emergency existed. On Verizon's Emergency Situation Form, Detective Gilley checked the box "YES" where the form asks, "Does this request potentially involve the danger of death or serious physical injury to a person, necessitating the immediate release of information relating to that emergency?" [doc. # 7, Exh. 2]. Detective Gilley also certified, "This case is in connection with an Arson. House was set on fire with victims inside." *Id.* He then signed the bottom of the form where it states: "I certify that the foregoing is true and correct and understand that Verizon Wireless may rely upon this form to make an emergency disclosure to my law enforcement agency or governmental entity pursuant to

---

request] which public policy favors. In effect, a person could be punished for performing his legal duty in so cooperating. This would be contrary to the purpose of the ECPA which is designed to address wrongful violations done intentionally.
No. 1:14 CV 1096, 2014 WL 4425738, *3 (6th Cir. Sept. 8, 2014).

[11] *See Fox v. CoxCom Inc.*, No. CV-11-594-PHX-SMM, 2012 WL 6019016, *4 (D. Az. Dec. 3, 2012) (rejecting Plaintiff's arguments that Cox's representative acted with bad faith where it was undisputed that Cox did not release Plaintiff's emails until *after* it received legal authorization to do so).

18 U.S.C. § 2702(b)(8) or § 2702(c)(4)." *Id.* Furthermore, the form indicated that a "Senior Investigator" with the "Ouachita Parish Sheriff's Dept" was making the request, and it required Detective Gilley to disclose his badge number. *Id.* As such, there was nothing on the face of the form that would place a reasonable Verizon representative on notice that it might be "phony."[12] Though Plaintiff argues otherwise in his Complaint, it was not for Verizon to second guess a senior law enforcement officer's conclusions related to an ongoing arson and attempted murder investigation.

Accordingly, the Court should find that Verizon is entitled to statutory immunity from Alexander's suit because it relied, in good faith, on Detective Gilley's certification that an emergency existed requiring immediate disclosure of Plaintiff's cell phone data. *See* 18 U.S.C. §§ 2702(c)(4), 2703(e), 2707(e)(1). In viewing the facts most favorably to Alexander, his complaint on its face establishes a "good faith reliance" affirmative defense. Thus, dismissal at this stage is proper.

## Conclusion

For the above assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted filed by Defendant, Verizon [doc. #7] be **GRANTED**, and that Plaintiff's claims under 18 U.S.C. § 2701, *et seq*. be **DISMISSED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

---

[12] *Compare Freedman v. Am. Online, Inc.*, 325 F.Supp.2d 638, 649 (E.D. Va. 2004) (noting numerous aspects of the unsigned warrant application that suggested AOL's belief in its validity was unreasonable).


**fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of October, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE