UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| MATTHEW EDWARD ALEXANDER | * | CIVIL ACTION NO. 16-0867 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| VERIZON WIRELESS SERVICES LLC | * | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court is *pro se* Plaintiff Matthew Edward Alexander's ("Alexander") Motion For Relief From Final Judgment pursuant to Federal Rule of Civil Procedure 60(b). [Doc. No. 17]. Alexander requests that the Court reconsider its November 14, 2016 Judgment adopting Magistrate Judge Karen L. Hayes' Report and Recommendation. [Doc. No. 16]. For the following reasons, Alexander's motion for reconsideration is **DENIED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 22, 2016, Alexander filed the instant Complaint against Defendant Verizon Wireless Services LLC ("Verizon") alleging a violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq*. Alexander claims that Verizon unlawfully divulged his cell phone records to Ouachita Parish Sheriff's Department Detective Gary Gilley ("Detective Gilley") and seeks $5,000,000 in damages.

This lawsuit arises from a 2014 arson investigation. On August 7, 2014, at 6:30 a.m., an alleged arson took place at Ray and Christina Nixon's home in West Monroe, Louisiana. [Doc. No. 1, p. 2]. The Nixons extinguished the fire and then called for police assistance around 8:45 a.m. *Id.* at p. 3. Detective Gilley arrived at the Nixon's home around 9:45 a.m. *Id.* The Nixons accused Alexander of being responsible for the fire. *Id.* Detective Gilley learned that Alexander was a former

employee for, and had brought suit against, the Nixons. *Id.* at 4. Mr. Nixon provided Alexander's vehicle make, model, and license plate number, as well as his cell phone number, to Detective Gilley. *Id.*

Using this information, Detective Gilley contacted Verizon's Law Enforcement Resource Team at 3:00 p.m. and spoke with representative Andrea Cole ("Ms. Cole"). *Id.* at 5. Ms. Cole and Detective Gilley spoke on the phone, and then Ms. Cole provided Detective Gilley with an Emergency Situation Disclosure form. Detective Gilley filled out that form and faxed it back to Ms. Cole, certifying that an emergency existed. *Id.* Verizon submitted all the requested cell phone information, including subscriber and location information, incoming and outgoing calls, and SMS details from August 4, 2014, to August 7, 2014. *Id.* at 7. Based in part on the cell phone records, Alexander was subsequently arrested on August 12, 2014.

On April 30, 2015, the state judge in the criminal proceeding granted Alexander's motion to suppress the cell phone records obtained by Detective Gilley, finding that there were no exigent circumstances justifying the request and transmission of Alexander's cell phone records without a warrant. *Id.* at 9.

On October 3, 2016, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 15] recommending that the Court grant Verizon's Motion to Dismiss for failure to state a claim [Doc. No. 7], and that Alexander's claims under the Stored Communications Act against Verizon be dismissed with prejudice.

On November 14, 2016, this Court entered a Judgment [Doc. No. 16] adopting Magistrate Judge Hayes' Report and Recommendation.

On December 6, 2016, Alexander filed the instant Motion for Relief from Final Judgment. [Doc. No. 17]. On December 20, 2016, Verizon filed an opposition. [Doc. No. 22].

## II. LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Depending on when it is filed, a motion seeking relief from judgment may be construed under either Rule 59(e) as a motion to alter or amend a judgment, or under Rule 60(b) as a motion for relief from a final judgment. *Id.*; *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Hamilton Rothschilds v. Williams Rothschilds*, 147 F.3d 367, 371 n. 19 (5th Cir. 1998). Because Alexander's motion was filed within 28 days of the final judgment, the Court construes it as a motion to amend the judgment under Rule 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177 (5th Cir. 2012) (where the court considered plaintiff's Rule 60(b) motion as a motion to amend judgment under Rule 59(e) because it was filed within the applicable 28-day time frame).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used infrequently by the courts and only in specific circumstances. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (other citations and quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening

3

change in the controlling law." *Schiller*, 342 F.3d at 567-68 (citation omitted).

A Rule 59(e) motion should not provide an opportunity for movants to rehash evidence, legal theories, or arguments that could have been raised before judgment. *Templet*, 367 F.3d at 478-79. In determining whether to grant a Rule 59(e) request, the Fifth Circuit has indicated that district courts should balance the need for finality against the need to render equitable decisions based on all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Alexander contends he has newly discovered evidence justifying reconsideration of the Court's Judgment adopting Judge Hayes' Report and Recommendation. Specifically, Alexander contends that the newly discovered evidence demonstrates that Verizon was not entitled to the statutory immunity protections of the Stored Communications Act. *See* 18 U.S.C. § 2702(c)(4); 18 U.S.C. § 2703(e). [Doc. No. 17-1].

However, a court should not grant a Rule 59(e) motion unless the new evidence (1) would change the outcome of the case, (2) is newly discovered and could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching. *See Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

Here, Alexander has failed to meet his burden under Rule 59(e). First, Alexander asserts that "in reviewing his discovery documents, Plaintiff unearthed multiple faxed cover sheets for emergency situation disclosure requests" that he obtained from "the State in Plaintiff's related criminal case." [Doc. Nos. 17, p. 1 & 17-1, p. 1]. Alexander has not provided any facts to demonstrate or indicate at what period of time the evidence was discovered. It is entirely possible that Alexander could have discovered the evidence with minimal effort before the Court entered its final judgment. Alexander has failed to explain when the evidence was discovered, or why it could not have been discovered earlier by proper diligence.

However, even assuming that Alexander could not have discovered the evidence earlier by proper diligence, the evidence would still not change the outcome of the case or be used for more than cumulative or impeachment purposes. As Magistrate Judge Hayes stated in her Report and Recommendation, Verizon is entitled to immunity as long as it relied, in good faith, on Detective Gilley's certification that an emergency existed. [Doc. No. 15, p. 5]. Magistrate Judge Hayes noted that "Alexander fail[ed] to plead facts sufficient to plausibly infer that Verizon's representative, Ms. Cole, actually knew there was no emergency (or that the request was invalid) when Verizon released Plaintiff's cell phone data." *Id.* at 7. Further, Magistrate Judge Hayes found that "it was objectively reasonable for Verizon to produce Alexander's records in response to Detective Gilley's certification that an emergency existed." *Id.* at 9. Therefore, under both an objective and subjective determination of good faith, Alexander failed to plead facts demonstrating that Verizon was in bad faith and not entitled to the statutory defense. *Id.* at 10.

> Alexander argues that his evidence of two previous fax cover sheets demonstrates that:
>
> Defendant did not believe that there was an emergency involving danger of death or serious physical injury to any person that required disclosure without delay when the request was made the first two times, which in turn demonstrates that defendant could not have, in good faith, believed that a third request involving an extinguished fire would later require disclosure without delay of information relating to the emergency.

[Doc. No. 17, p. 2]. Further, Alexander explains:

> These faxes demonstrate that the Verizon Law Enforcement Resource Team did not deem Plaintiff's case to fall within the purview of 18 U.S.C. § 2702(c)(4) as it was first (and secondly) presented by Detective Gilley to defendant Verizon. Thus, the third time cannot be ruled the charm in which Verizon suddenly believed in good faith that an extinguished arson constituted an emergency . . . .

[Doc. No. 17-1, p. 1].

Alexander assumes that Verizon actually deemed the first two requests to fall outside of the

5

emergency exception. It is entirely possible, however, that Verizon did not respond to the fax requests because they declined to grant the requests for another reason. Further, Alexander does not provide any evidence to show that the cover letters actually accompanied a procedurally sufficient request. Therefore, the Court does not agree with Alexander's contention that the two "newly discovered" fax cover sheets demonstrate that Verizon could not have, in good faith, believed that the third request by Detective Gilley was an emergency.

Alexander fails to provide any "newly discovered" evidence that would warrant this Court reconsidering its prior Judgment adopting Magistrate Judge Hayes' Report and Recommendation that Verizon is entitled to the protections of statutory immunity. *Infusion Res., Inc.*, 351 F.3d at 696–97.

### III.  CONCLUSION

For the foregoing reasons, Alexander's Motion for Relief from Judgment [Doc. No. 17] is **DENIED**.

MONROE, LOUISIANA, this 23rd day of December, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE